# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DESABETINO, | ) |
| | ) Civil Action No. 2:16-cv-341 |
| Plaintiff, | ) |
| | ) |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| OFFICER SEAN BIAGINI, et. al, | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

On March 24, 2016, Plaintiff, who is presently being held at Allegheny County Jail and proceeding *pro se*, filed this action under the 42 U.S.C. § 1983 asserting violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution based on events that allegedly occurred in the circumstances leading up to his arrest. Pending before the Court are four motions filed by Plaintiff on August 15 and 16, 2016: two renewed motions to appoint counsel (ECF Nos. 25, 30) and two motions for default judgment against Defendant Officer William Kelly (ECF Nos. 27, 28). These motions will be denied.

On April 5, 2016, the Court denied Plaintiff's initial motion to appoint counsel based on the following:

> This case has only been recently filed and it is not yet clear to the Court whether it has any merit, either in fact or in law. It may present complex credibility determinations but at the present stage it is too early to make that determination. As a pro se litigant plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Additionally, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted

> until after dispositive motions have been resolved." Aside from all of the circumstances surrounding every incarcerated litigant, Plaintiff has set forth no special circumstances that warrant granting counsel at this time. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request. Accordingly, Plaintiff's Motion for Appointment of Counsel under 28 U.S.C. § 1915(e) shall be denied.

(ECF No. 7). After reviewing Plaintiff's renewed motions for appointment of counsel (ECF Nos. 25, 30), the Court concludes that its previous reasoning above is equally applicable here.[1] Therefore, these motions will be denied without prejudice, and if the case survives dispositive motions and appears ready to proceed to trial, the Court will reconsider this request at that time.[2]

The Court notes that the other two motions for default judgment (ECF Nos. 27, 28) are, for all practical purposes, duplicative. On July 7, 2016, Defendant Kelly filed a motion for extension of time to file a Response to Plaintiff's Complaint, specifically noting that he wished to respond by filing a motion to dismiss. (ECF No. 19 at ¶ 5). The Court granted this motion the following day, stating that "Defendant Kelly's Response (Answer or Motion) is due by 8/8/2016." (ECF No. 20). Consistent with this Order, Defendant Kelly timely filed a motion to dismiss on August 8, 2016. (ECF No. 21). Plaintiff's motions for default judgment, however, contend that by not filing an Answer like the other Defendants on or before August 8, 2016, Defendant Kelly has violated the Court's above Order. This argument is without merit.

---

[1] The Court also notes that on August 15, 2016, Plaintiff filed a notice that he was appealing this previous Order (ECF No. 7) which denied his initial motion to appoint counsel to the United States Court of Appeals to the Third Circuit. (ECF No. 26). However, an "order denying [a] motion for appointment of counsel is not a final order or otherwise appealable at this time." Wesley v. Sec'y Pa. D.O.C., 569 Fed. App'x 123, 125 (3d Cir. 2014) (citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984) (holding that an order denying a motion for appointment of counsel may be reviewed only on appeal from the final judgment)). Therefore, because final judgment has not been entered and the case remains ongoing, the Court retains jurisdiction over this matter.

[2] Consequently, Plaintiff's concern about presenting evidence, cross-examining witnesses, and dealing

The plain text of the Court's Order belies this position because it states that Defendant Kelly could file an Answer or a Motion. Because Defendant Kelly filed a motion to dismiss, he was not required under Rule 12 to also file an Answer. See Brown v. Interbay Funding LLC, 198 Fed. App'x 223, 225 (3d Cir. 2006) ("[T]he time period for filing an answer is altered when a defendant files a motion under Rule 12.") (citing Fed. R. Civ. P. 12(a)(4)). Moreover, the fact that Defendant Kelly has defended against the claims in the complaint by filing a motion to dismiss precludes the entry of default against him, given that Defendant Kelly has not "failed to plead or otherwise defend" the claims asserted against him in the complaint. See Fed. R. Civ. P. 55(a) (emphasis added). Therefore, Plaintiff's motions for default judgment are denied.

**AND NOW**, this 23rd day of August, 2016, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Appointment of Counsel (ECF No. 25, 30) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Default Judgment (ECF Nos. 27, 28) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court's Order from August 9, 2016 requiring Plaintiff to respond to Defendant Kelly's motion to dismiss remains in place. Therefore, Plaintiff shall respond to this motion on or before September 21, 2016. **Plaintiff is advised that failure to respond to this motion will be result in the motion being decided without the benefit of his response**.

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

---

with conflicting evidence during a jury trial is premature.

cc: **RICHARD DESABETINO**
86050
950 2nd Ave.
Pittsburgh, PA 15219

All counsel of record via CM-ECF