IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DESABETINO II, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-341 |
| ) | |
| v. ) | |
| ) | United States Magistrate Judge |
| OFFICER SEAN BIAGINI, OFFICER ) | Cynthia Reed Eddy |
| MICHAEL SNIDER, OFFICER JOHN ) | |
| SYMSEK, and OFFICER WILLIAM ) | |
| KELLY, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM ORDER**[1]

**Cynthia Reed Eddy, Untied States Magistrate Judge.**

Plaintiff Richard Desabetino, II, a *pro se* litigant and pretrial detainee being held at Allegheny County Jail, initiated this action under 42 U.S.C. § 1983 claiming that the above-captioned Defendants violated his civil rights by using excessive force to effectuate his arrest in violation of the Fourth Amendment of the United States Constitution. Pursuant to a joint request from the Defendants, the Court entered a Memorandum Order on November 10, 2016 staying this action. (ECF No. 47). In the pending motion, Plaintiff moves to vacate that stay. (ECF No. 54). He contends that when the Court initially stayed this civil action, his criminal trial was set to begin on January 10, 2017; but since that Order, his criminal trial date has been postponed two times, and a new court date has not even been set. Plaintiff asks the Court to lift the stay in this matter because, according to him, his § 1983 claim for excessive force and his criminal charges are unrelated.

---

[1] In accordance with 28 U.S.C. § 636, all parties have voluntarily consented to have the undersigned conduct any and all proceedings in this matter, including trial and entry of final judgment. (ECF Nos. 4, 31, 32, 33).

1

As the Court noted in its prior Memorandum Order, however, the allegations in the complaint directly overlap with his pending criminal charges. Indeed, as set forth in Plaintiff's complaint, his claim that he suffered excessive force as he was fleeing via vehicle is based on the same underlying incident where he is currently being criminally prosecuted for, *inter alia*, 3 counts of aggravated assault, 1 count of simple assault, and 5 counts of reckless endangerment. (ECF No. 3 at ¶ 9); *see also Thompson v. Howard*, ___ Fed. App'x ___, 2017 WL 655763, *2 n. 4 & *6 (3d Cir. Feb. 17, 2017) (noting that the plaintiff's criminal conviction under Pennsylvania law for aggravated assault "appears to conclusively establish that he intentionally hit [the officer's] vehicle with sufficient force to put [the officer] at risk of serious injury," such that "there was no doubt that [the plaintiff] at least posed a serious risk when he crashed into the car"). The Court, therefore, rejects Plaintiff's assertion that this civil action is unrelated to his pending criminal action.

As a result, the Court's decision to stay this § 1983 action pending resolution of Plaintiff's criminal prosecution was then, and still is, appropriate. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (if a plaintiff files any claim "related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Perrin v. Iuzzolino*, 2017 WL 487123, *4 (W.D. Pa. Jan. 11, 2017) *Report & Recommendation adopted by* 2017 WL 478171 (W.D. Pa. Feb. 6, 2017) ("[I]n a situation such as this, where the §1983 plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings, the Court should stay the civil action.") (citing *McKinney v. Prosecutor Cty. Prosecutors Office*, 612 Fed. App'x 62, 65-66 (3d Cir. 2015)). Plaintiff's motion to vacate the stay is thus denied.

**AND NOW**, this 25th day of Aril, 2017, it is hereby **ORDERED** that "Plaintiff's Motion To Vacate Stay, and Proceed Foward [*sic*] in the Above Civil Action Case;" (ECF No. 54) is **DENIED**. The Case will remain stayed and administratively closed until Plaintiff's criminal trial is resolved, at which point Plaintiff should file a motion to reopen this case, to the extent that he still wishes to pursue it at that time.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:   Richard Desabetino, II
      86050
      950 2nd Ave.
      Pittsburgh, PA 15219

      All registered counsel via CM-ECF